IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



ERIC L. PROSHA,

    Plaintiff,

v.    Civil Action No. 3:16CV163

DAVID ROBINSON, *et al.*,

    Defendants.

## MEMORANDUM OPINION

Eric L. Prosha, a Virginia inmate proceeding *pro se* and *in forma pauperis*, filed this civil rights action. The matter is before the Court on Prosha's failure to serve Defendants Wiggins and John/Jane Doe Kitchen Supervisor within the time required by Federal Rule of Civil Procedure 4(m).[1]

Pursuant to Federal Rule of Civil Procedure 4(m), Prosha had ninety (90) to serve the defendants. Here, that period commenced on April 24, 2017.[2] By Memorandum Order entered on April 24, 2017, the Court attempted to serve the defendants pursuant to an informal service agreement with the Attorney General's Office for the Commonwealth of Virginia. On May 30, 2017, the Attorney General's Office for the Commonwealth of Virginia filed a Notice of

---

[1] Rule 4(m) provides:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. This subdivision (m) does not apply to service in a foreign country under Rule 4(f) or 4(j)(1).

Fed. R. Civ. P. 4(m).

[2] The Court considers the Complaint "filed" on the date it concludes statutory screening under the Prison Litigation Reform Act. *See Ford v. Johnson*, 362 F.3d 395, 398 (7th Cir. 2004).

Appearance on behalf of Defendants Robinson, Parker, and Springs and informed Prosha that it could not accept service for Defendants Wiggins and John/Jane Doe Kitchen Supervisor.[3] (ECF No. 27.)

By Memorandum Order entered on September 15, 2017, the Court directed Prosha to show good cause, within eleven (11) days of the date of entry thereof, for his failure to serve Defendant Wiggins within the time required by Rule 4(m). (ECF No. 38.) By Memorandum Order entered on December 12, 2017, the Court directed Prosha to show good cause, within eleven (11) days of the date of entry thereof, for his failure to serve Defendant John/Jane Doe Kitchen Supervisor. (ECF No. 42.) Prosha has responded. (ECF Nos. 39, 43.) Nevertheless, for the reasons detailed below, Prosha has failed to establish good cause for his failure to serve Defendants Wiggins and John/Jane Doe Kitchen Supervisor within the required timeframe.

Rule 4(m) requires that, absent a showing of good cause, the Court must dismiss without prejudice any complaint in which the plaintiff fails to serve the defendant within the allotted 90-day period. Fed. R. Civ. P. 4(m). Courts within the Fourth Circuit found good cause to extend the 90-day time period when the plaintiff has made "reasonable, diligent efforts to effect service on the defendant." *Venable v. Dep't of Corr.*, No. 3:05cv821, 2007 WL 5145334, at *1 (E.D. Va. Feb. 7, 2007) (quoting *Hammad v. Tate Access Floors, Inc.*, 31 F. Supp. 2d 524, 528 (D. Md. 1999)). Neither *pro se* status nor incarceration constitutes good cause. *Sewraz v. Long*, No. 3:08CV100, 2012 WL 214085, at *1–2 (E.D. Va. Jan. 24, 2012) (citing cases).

In Prosha's Responses, he essentially argues that the action should not be dismissed against Defendants Wiggins and John/Jane Doe Kitchen Supervisor because these individuals are

---

[3] Counsel for Robinson, Parker, and Springs stated that Defendant Wiggins no longer worked at the institution and Prosha had not provided sufficient information for counsel to identify John/Jane Doe Kitchen Supervisor. (ECF No. 27, at 2 n.1.)

2

liable for the deprivation of Prosha's constitutional and statutory rights. (*See, e.g.*, ECF No. 39, at 1–5.) However, Prosha has not provided an explanation of diligent efforts he made to serve Defendants Wiggins and John/Jane Doe Kitchen Supervisor. Furthermore, nothing submitted by Prosha gives this Court any indication that Defendants Wiggins and John/Jane Doe Kitchen Supervisor will be properly served at any time in the future. Under such circumstances, courts appropriately dismiss the action against the unserved parties. *See Sewraz*, 2012 WL 214085, at *3 (citing *Myers v. Schroder*, No. 09-528 (RHK/JJK), 2010 WL 2777483, at *8 (D. Minn. June 4, 2010); *Greene v. Neven*, No. 3:07–CV–00474–LRH–VPC, 2010 WL 1300903, at *2 (D. Nev. Feb. 10, 2010); *Villeneuve v. Connecticut*, No. 09–13–P–S, 2009 WL 1783540, at *2 (D. Me. June 22, 2009). Because Prosha fails to demonstrate good cause for his failure to serve Defendants Wiggins and John/Jane Doe Kitchen Supervisor, all claims against these individuals will be DISMISSED WITHOUT PREJUDICE.

An appropriate Order shall issue.

/s/
M. Hannah Lauck
United States District Judge

Date: JAN 24 2018
Richmond, Virginia