IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



**ERIC L. PROSHA,**

    Plaintiff,

v.                                                                                 Civil Action No. **3:16CV163**

**DAVID ROBINSON,** *et al.*,

    Defendants.

## MEMORANDUM OPINION

Eric L. Prosha, a Virginia inmate proceeding *pro se* and *in forma pauperis*, filed this civil action under 42 U.S.C. § 1983.[1] The action proceeds on Prosha's Particularized Complaint ("Complaint," ECF No. 21). Defendants Robinson, Parker, and Springs ("Defendants") have moved to dismiss the action.[2] (ECF No. 28.) Defendants provided Prosha with *Roseboro*[3] Notice. (ECF No. 30.) Prosha has responded. (ECF No. 33.) For the reasons that follow, the Motion to Dismiss will be GRANTED IN PART AND DENIED IN PART.

---

[1] That statute provides, in pertinent part:

> Every person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983.

[2] Prosha named the following individuals as defendants: David Robinson, Chief of Operations at the Virginia Department of Corrections ("VDOC"); Carolyn Parker, Warden of Greensville Correctional Center ("GCC"); Ms. Springs, Housing Unit Manager at GCC; Eugene Wiggins, a chaplain at GCC; and, John/Jane Doe the Kitchen Supervisor at GCC. (Compl. 1, 3.) Because Prosha failed to serve Wiggins and John/Jane Doe, the Court dismissed all claims against them without prejudice in a separate Memorandum Opinion and Order.

[3] *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975).

## I. Standard for Motion to Dismiss for Failure to State a Claim

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (second alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp.*, 550 U.S. at 556). In

order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), it will not act as the inmate's advocate and develop, *sua sponte*, statutory and constitutional claims that the inmate failed to clearly raise on the face of his or her complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## II. Summary of Allegations and Claims

In his Complaint, Prosha alleges, in relevant part:[4]

> Plaintiff is now, and at all times relevant to the events described herein, an adherent of the House of Yahweh. The House of Yahweh is a religious organization whose adherents believe it [is] necessary to abide by the Torah. Adherents must . . . keep annual festivals of the Old Testament, including the assembling of members, once a year on the evening before Passover, to hold a solemn observance of Yashua's Memorial.
> On April 3, 2015, Plaintiff, although the House of Yahweh group had previously arranged with Chaplain Wiggins to receive the proper meals for the Passover of the Unleavened Bread, was served meals that contained yeast (egg noodles). Plaintiff notified the S-3 Cluster Kitchen Supervisor (Jane/John Doe) and the correctional officer on duty at the time that the meal was incorrect. Defendant Jane/John Doe and the correctional officer both told Plaintiff that was all they had to give him. Plaintiff, due to the requirements and beliefs of his religion, was unable to eat these meals.
> On April 4, 2015, Plaintiff was again given meals with non-kosher foods on them. Plaintiff again notified defendant John/Jane Doe that the meals were not proper for his religious beliefs. Plaintiff asked for the Kitchen Supervisor's name and was told no one knew what it was.
> At every meal through April 11, 2015, Plaintiff was served items that did not meet the requirements of the House of Yahweh. At each meal, Plaintiff

---

[4] The Court utilizes the pagination assigned to Prosha's submissions by the CM/ECF docketing system. The Court corrects the spelling, capitalization, and punctuation in quotations from Prosha's submissions. The Court omits the paragraph numbers from the quotations from Prosha's Complaint.

3

informed the correctional officer on duty and attempted to notify the Kitchen Supervisor. [In] each instance, Plaintiff was told that was all they had to give him.

On April 4, 2015, Plaintiff sent a request form to Chaplain Wiggins informing him that food service was not providing the proper food items at meals. This request form was never returned to Plaintiff.

(Compl. ¶¶ 12–16.)

### A. Allegations with Respect to Defendant Springs

As to Defendant Springs, Prosha asserts that:

It is well known that adherents of the House of Yahweh are not allowed to consume commercial dairy products such as milk, butter, ice cream, yogurt or cheese blends because they contain trace amounts of blood from unhealthy cows. Yet, Plaintiff was served milk each day and butter regularly at meals. It is also known that adherents must eat kosher foods only.

(*Id.* ¶ 19.) Prosha further asserts that Defendant Springs was "aware of the requirements for the meals of the Passover of the Unleavened Bread." (*Id.*) Prosha, however, fails to allege facts that suggest that Defendant Springs was aware that Prosha was not receiving food that complied with his religious tenets.

### B. Allegations with Respect to Defendant Parker

As to Defendant Parker, Prosha makes the following allegations:

Under the provisions of VDOC Operating Procedure 866.1, Defendant Parker, as Warden of [GCC], reviewed and determined Plaintiff's grievances with respect to the failure to provide adequate and religiously correct meals in those instances when Plaintiff's complaints regarding the nature or extent of proper meals he had, or not had, received is not resolved to Plaintiff's satisfaction on an informal basis.

(*Id.* ¶ 20.) Prosha further alleges that he raised the issue of not receiving meals that complied with his dietary requirement in "an informal complaint . . . on April 9, 2015 . . . and followed it with a formal grievance. Plaintiff further filed complaints and grievances on September 22, 2015, and December 4, 2015." (*Id.* ¶ 17.)

4

## C. Allegations with Respect to Defendant Robinson

With respect to Defendant Robinson, Prosha simply alleges, "Plaintiff mailed a letter to Robinson on April 6, 2015 setting out the deficiencies in the meals being provided Plaintiff during the Passover of the Unleavened Bread. Plaintiff did not receive a response to this letter." (*Id.* ¶ 21.)

## D. Prosha's Claims for Relief

Based on the foregoing allegations, Prosha advances the following claims for relief:

Claim One: Defendants Robinson, Parker, and Springs violated Prosha's First Amendment[5] right of Free Exercise when he was provided religiously inadequate meals during Passover 2015. (*Id.* ¶ 26.)

Claim Two: Defendants Robinson, Parker, and Springs violated Prosha's Eighth Amendment[6] right against cruel and unusual punishment when he was provided religiously inadequate meals during Passover 2015. (*Id.*)

Claim Three: Defendants Robinson, Parker, and Springs violated Prosha's Fourteenth Amendment[7] right to equal protection when Prosha was served religiously inadequate meals during Passover 2015. (*Id.*)

Claim Four: Defendants Robinson, Parker, and Springs placed a substantial burden on Prosha's exercise of his religion in violation of the Religious Land Use and Institutionalized Persons Act ("RLUIPA")[8] when he was served religiously inadequate meals during Passover 2015. (*Id.*)

Prosha seeks declaratory judgment, $25,000 in compensatory damages against each defendant, court costs, and "all other and further relief as this Court may deem necessary and/or appropriate in the interests of justice." (*Id.* at 8.)

---

[5] "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof . . . ." U.S. Const. amend. I.

[6] "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII.

[7] "No State shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1.

[8] 42 U.S.C. § 2000cc–1(a).

5

## III. Analysis of Defendants' Motion to Dismiss

In their Motion to Dismiss, Defendants contend, among other things, that Prosha has failed to state any viable claim for relief, or at least he has failed to state a viable claim against them. Ease of analysis dictates that the Court first address the claims against Defendant Springs, and then address Claim Three, in which Prosha has entirely failed to state a viable constitutional claim, before addressing Defendants Robinson's and Parker's remaining arguments.

### A. Prosha Fails to State a Claim Against Defendant Springs

In order to state a viable claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under color of state law deprived him or her of a constitutional right or of a right conferred by a law of the United States. *See Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 658 (4th Cir. 1998). "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (citations omitted). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Id.* "Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed, even under the liberal construction to be given pro se complaints." *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) (citing *U.S. ex rel. Brzozowski v. Randall*, 281 F. Supp. 306, 312 (E.D. Pa. 1968)). That is essentially the case here. Prosha fails to allege facts that plausibly suggest how Defendant Springs personally participated in any violation of Prosha's rights.[9] Accordingly, all claims against Defendant Springs will be

---

[9] In his Response, Prosha alleges that, on April 3, 2015, he told Defendant Springs that "due to the requirements and beliefs of his religion," Prosha was unable to eat the meal provided. (Resp. ¶ 8.) According to Prosha, Springs responded, "'I do not know how GRCC (us) is violating your (Plaintiff) religious rights as you (Plaintiff) have not stated what did or did not

DISMISSED WITHOUT PREJUDICE. *See Mauwee v. Palmer*, 471 F. App'x 594, 595–96 (9th Cir. 2012) (citation omitted) (observing that dismissal of claims should be without prejudice if the defect in pleading may be curable).

### B. Prosha Fails to State an Equal Protection Claim

The Equal Protection Clause of the Fourteenth Amendment commands that similarly situated persons be treated alike. *See City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985) (citing *Plyler v. Doe*, 457 U.S. 202, 216 (1982)). To prevail on such a claim, Prosha must demonstrate: (1) "that he has been treated differently from others with whom he is similarly situated"; and, (2) that the differing treatment resulted from intentional discrimination. *Morrison v. Garraghty*, 239 F.3d 648, 654 (4th Cir. 2001). Prosha fails to allege facts that indicate Defendants treated him differently than any other similarly situated inmate. Accordingly, Claim Three will be DISMISSED WITH PREJUDICE.

### C. Eighth Amendment Claims Against Defendants Parker and Robinson

To make out an Eighth Amendment claim, an inmate must allege facts that indicate (1) that objectively the deprivation suffered or harm inflicted "was 'sufficiently serious,'" and (2) that subjectively the prison officials acted with a 'sufficiently culpable state of mind.'"

---

happen.'" (*Id.*) As explained below, even if the Court considered this allegation, it fails to plausibly suggest that Defendant Springs violated Prosha's constitutional rights. Defendant Springs's failure, on a single occasion, to ensure that Prosha received a religiously acceptable meal fails to violate RLUIPA, the First Amendment, or the Eighth Amendment. *Reed v. Bryant*, No. CIV–16–461–C, 2017 WL 1174023, at *7 (W.D. Okla. Feb. 6, 2017) (concluding "the single episode of denial of a religious meal [failed to impose] a substantial burden upon [the inmate's] sincerely held religious beliefs" (citing *Watkins v. Donnelly*, 551 F. App'x. 953, 960 (10th Cir. 2014); *Watkins v. Rogers*, 525 F. App'x 756, 759 (10th Cir. 2013); *Strope v. Cummings*, 381 F. App'x. 878, 880–81 (10th Cir. 2010))), report and recommendation adopted, No. CIV–16–461–C, 2017 WL 1169714 (W.D. Okla. Mar. 28, 2017); *Berry v. Brady*, 192 F.3d 504, 506–08 (5th Cir. 1999) (finding deprivation of eight meals over seven-month period insufficient to state an Eighth Amendment claim because there were no allegations of physical harm).

*Johnson v. Quinones*, 145 F.3d 164, 167 (4th Cir. 1998) (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). Under the objective prong, the inmate must allege facts that suggest that the deprivation complained of was extreme and amounted to more than the "'routine discomfort'" that is "'part of the penalty that criminal offenders pay for their offenses against society.'" *Strickler v. Waters*, 989 F.2d 1375, 1380 n.3 (4th Cir. 1993) (quoting *Hudson v. McMillian*, 503 U.S. 1, 9 (1992)). "In order to demonstrate such an extreme deprivation, a prisoner must allege 'a serious or significant physical or emotional injury resulting from the challenged conditions.'" *De'Lonta v. Angelone*, 330 F.3d 630, 634 (4th Cir. 2003) (quoting *Strickler*, 989 F.2d at 1381).

The subjective prong of a deliberate indifference claim requires the plaintiff to allege facts that indicate a particular defendant actually knew of and disregarded a substantial risk of serious harm to his person. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994). "Deliberate indifference is a very high standard—a showing of mere negligence will not meet it." *Grayson v. Peed*, 195 F.3d 692, 695 (4th Cir. 1999) (citing *Estelle v. Gamble*, 429 U.S. 97, 105–06 (1976)).

> [A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

*Farmer*, 511 U.S. at 837. *Farmer* teaches "that general knowledge of facts creating a substantial risk of harm is not enough. The prison official must also draw the inference between those general facts and the specific risk of harm confronting the inmate." *Quinones*, 145 F.3d at 168 (citing *Farmer*, 511 U.S. at 837); *see Rich v. Bruce*, 129 F.3d 336, 338 (4th Cir. 1997) (stating same). Thus, to survive a motion to dismiss, the deliberate indifference standard requires a plaintiff to assert facts sufficient to form an inference that "the official in question subjectively

recognized a substantial risk of harm" and "that the official in question subjectively recognized that his actions were 'inappropriate in light of that risk.'" *Parrish ex rel. Lee v. Cleveland*, 372 F.3d 294, 303 (4th Cir. 2004) (quoting *Rich*, 129 F.3d at 340 n.2).

"Allegations of inadequate food for human nutritional needs . . . [may be] sufficient to state a cognizable constitutional claim, so long as the deprivation is serious." *King v. Lewis*, 358 F. App'x 459, 460 (4th Cir. 2009) (internal citation omitted) (citing *Wilson*, 501 U.S. at 294). In determining whether an Eighth Amendment violation has occurred, "[c]ourts consider the amount and duration of the deprivation of food." *Lockamy v. Rodriguez*, 402 F. App'x 950, 951 (5th Cir. 2010) (citation omitted).

Here, Prosha alleges that because of his religious beliefs, he could not eat any of the meals served between April 3, 2015 and April 11, 2015. (Compl. ¶¶ 13–15.) At this stage, failing to provide religiously acceptable meals for eight (8) straight days is more than sufficient to satisfy the objective component of an Eighth Amendment claim. *See Dearman v. Woodson*, 429 F.2d 1288, 1289 (10th Cir. 1970) (allegation that prison officials refused to provide prisoner food for 50 ½ hours states cause of action under 42 U.S.C. § 1983).

Prosha's allegations with respect to the subjective prong are considerably more thin. Prosha alleges that he informed Defendant Parker of the religiously unacceptable meals by filing a grievance that Defendant Parker reviewed. The record, however, fails to suggest that Defendant Parker received the grievance prior to the cessation of the unacceptable meals on April 11, 2015. Specifically, Prosha merely alleges that he raised the issue in "an informal complaint on . . . April 9, 2015, and followed it with a formal grievance. Plaintiff further filed complaints and grievances on September 22, 2015, and December 4, 2015." (Compl. ¶ 17.) Indeed, the documents attached to the original complaint indicate that a response was not due for

the informal complaint until April 23, 2015. (ECF No. 2-7, at 8.) Thus, at this juncture, Prosha has failed to allege facts that suggest Defendant Parker was aware of an ongoing substantial risk to Prosha's health and acted with deliberate indifference to that risk. While Defendant Parker may have denied Prosha's grievance after the conclusion of Passover, a prison official's "after-the-fact denial of a grievance falls far short of establishing § 1983 liability." *DePaola v. Ray*, No. 7:12cv00139, 2013 WL 4451236, at *8 (W.D. Va. July 22, 2013) (citing *Brooks v. Beard*, 167 F. App'x 923, 925 (3d Cir. 2006)). Accordingly, Prosha's Eighth Amendment claim against Defendant Parker will be DISMISSED WITHOUT PREJUDICE.

Nevertheless, Prosha has alleged sufficient facts to suggest Defendant Robinson acted with deliberate indifference. Prosha mailed a letter to Defendant Robinson on April 6, 2015, which informed him that the meals provided by prison officials were religiously unacceptable. It is possible that Defendant Robinson received the letter as early as April 7, 2015. The lack of acceptable meals continued through April 11, 2015, without any intervention by Defendant Robinson. At this stage, such facts are sufficient to permit Prosha's Eighth Amendment claim against Defendant Robinson to proceed. *See Dearman*, 429 F.2d at 1289.

### D. RLUIPA and the First Amendment

To state a claim under the Free Exercise Clause of the First Amendment, Prosha must allege facts that suggest "(1) that he holds a sincere belief that is religious in nature" and (2) that Defendants imposed a substantial burden on the practice of his religion. *Whitehouse v. Johnson*, No. 1:10cv1175 (CMH/JFA), 2011 WL 5843622, at *4 (E.D. Va. Nov. 18, 2011) (citing *Hernandez v. Comm'r*, 490 U.S. 680, 699 (1989)).

RLUIPA provides, in pertinent part, that:

> No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution . . . unless the government demonstrates that imposition of the burden on that person—
> (1) is in furtherance of a compelling governmental interest; and
> (2) is the least restrictive means of furthering that compelling governmental interest.

42 U.S.C. § 2000cc–1(a). Thus, to begin, under the First Amendment or RLUIPA, Prosha must allege facts that suggest Defendants' actions impose a "substantial burden" on his religious exercise. Defendants contend that Prosha has failed to do so. (Mem. Supp. Mot. Dismiss 6–8.) Defendants are incorrect.

A substantial burden

> is one that put[s] substantial pressure on an adherent to modify his behavior and to violate his beliefs, or one that forces a person to choose between following the precepts of h[is] religion and forfeiting [governmental] benefits, on the one hand, and abandoning one of the precepts of h[is] religion . . . on the other hand.

*Couch v. Jabe*, 679 F.3d 197, 200 (4th Cir. 2012) (alterations and omission in original) (quoting *Lovelace v. Lee*, 472 F.3d 174, 187 (4th Cir. 2006)). Prosha has alleged that he was given egg noodles and other non-kosher foods to eat for every meal during Passover 2015. He states that "due to the requirements and beliefs of his religion, [he] was unable to eat these meals" (Compl. ¶ 13), and was "forced . . . to forego meals for the entire observance of the Passover of Unleavened Bread." (*Id.* ¶ 22.) Such allegations are sufficient to state a substantial burden on Prosha's religion. *Miles v. Guice*, 688 F. App'x 177, 179 (4th Cir. 2017) ("Failing to accommodate fasting on holy days . . . is a substantial burden." (citing *Lovelace*, 472 F.3d at 187)); *Nelson v. Miller*, 570 F.3d 868, 880 (7th Cir. 2009) (concluding that "denial of a non-meat diet on Fridays and during Lent substantially burdened [the inmate's] practice of religion").

11

Next, Defendants note that "only intentional conduct is actionable under the Free Exercise Clause," *Lovelace*, 472 F.3d at 201, and contend that Prosha fails to allege facts that suggest that they intentionally interfered with his religious exercise. (Mem. Supp. Mot. Dismiss 8.) For the reasons set forth above with respect to the Eighth Amendment claim, Prosha fails to allege facts that suggest Defendant Parker engaged in any conduct that intentionally interfered with Prosha's desire to obtain religiously appropriate meals. Accordingly, Prosha's First Amendment claim against Defendant Parker will be DISMISSED. Nevertheless, although thin, Prosha's allegations with respect to Defendant Robinson are sufficient to state a Free Exercise claim against Defendant Robinson under a theory of supervisory liability.[10]

"RLUIPA fails to authorize a private cause of action for money damages against state officials in their official or personal capacities." *Shabazz v. Johnson*, No. 3:12CV282, 2015 WL 789200, at *1 n.7 (E.D. Va. Feb. 24, 2015) (citing *Sossamon v. Texas*, 565 U.S. 277, 293 (2011); *Rendelman v. Rouse*, 569 F.3d 182, 189 (4th Cir. 2009); *Haight v. Thompson*, 763 F.3d 554, 569–70 (7th Cir. 2014)). Accordingly, any demand for monetary damages with respect to the RLUIPA claims will be DISMISSED.[11]

---

[10] The Fourth Circuit has held that:

> a supervisor can be liable where (1) he knew that his subordinate "was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury"; (2) his response showed "deliberate indifference to or tacit authorization of the alleged offensive practices"; and (3) that there was an "affirmative causal link" between his inaction and the constitutional injury."

*King v. Rubenstein*, 825 F.3d 206, 224 (4th Cir. 2016) (quoting *Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994)).

[11] Of course, to the extent that Prosha sues Defendants in their official, rather than their individual capacities, monetary damages are not available. *See Hutto v. S.C. Ret. Sys.*, 773 F.3d 536, 549 (4th Cir. 2014) (citations omitted) ("State officials sued in their official capacities for retrospective money damages have the same sovereign immunity accorded to the State.")

Defendants also suggest that any demand for injunctive relief with respect to the RLUIPA claim should be dismissed as moot "because Passover 2015 has already passed." (Mem. Supp. Mot. Dismiss 6 (citation omitted).) Defendants, however, fail to suggest why the record indicates that Prosha's religious dietary rights would be honored at future Passovers. Generally, "when a defendant retains the authority and capacity to repeat an alleged harm, a plaintiff's claims should not be dismissed as moot." *Wall v. Wade,* 741 F.3d 492, 497 (4th Cir. 2014) (citations omitted). Given these circumstances, Defendants' request to dismiss Prosha's demand for injunctive relief with respect to the RLUIPA claim will be DENIED WITHOUT PREJUDICE.

### E. **Qualified Immunity**

Defendants also assert that they are entitled to qualified immunity. (Mem. Supp. Mot. Dismiss 11.) That assertion omits any citation to controlling law. (*Id.*) Contrary to Defendants' approach to briefing, "[a] defendant invoking qualified immunity must do more than mention its existence and demand dismissal of the suit." *Fisher v. Neale*, No. 3:10CV486–HEH, 2010 WL 3603495, at *3 (E.D. Va. Sept. 8, 2010). The defendant must (1) identify the specific right allegedly violated "at the proper level of particularity," *Campbell v. Galloway*, 483 F.3d 258, 271 (4th Cir. 2007); (2) brief, with full supporting authority, why the right was not so clearly established as to put a reasonable official on notice of any legal obligations; and, (3) describe with particularity the factual basis supporting the assertion that a reasonable official in the defendant's situation would have believed his conduct was lawful. *See Collinson v. Gott*, 895 F.2d 994, 998 (4th Cir. 1990). As Defendants have failed to satisfy this obligation with respect to their assertion of qualified immunity, their Motion to Dismiss based on this defense will be DENIED WITHOUT PREJUDICE.

## IV. Conclusion

Defendants' Motion to Dismiss (ECF No. 28) is GRANTED IN PART and DENIED IN PART to the extent that the action will PROCEED only on the following claims:

Claim One: Defendant Robinson violated Prosha's First Amendment right of Free Exercise when Prosha was provided religiously inadequate meals during Passover 2015. (Compl. ¶ 26.)

Claim Two: Defendant Robinson violated Prosha's Eighth Amendment right against cruel and unusual punishment when Prosha was provided religiously inadequate meals during Passover 2015. (*Id.*)

Claim Four: Defendant Robinson placed a substantial burden on Prosha's exercise of his religion in violation of RLUIPA when Prosha was served religiously inadequate meals during Passover 2015. (*Id.*)

Any demand for monetary damages in conjunction with Claim Four will be DISMISSED WITH PREJUDICE. Defendants' demand for qualified immunity is DENIED WITHOUT PREJUDICE. Any party wishing to file a motion for summary judgment must do so within sixty (60) days of the date of entry hereof.

An appropriate Order will accompany this Memorandum Opinion.

/s/
M. Hannah Lauck
United States District Judge

Date: JAN 25 2018
Richmond, Virginia

14